# UNITED STATES COURT OF APPEALS

**Filed 5/24/96**TENTH CIRCUIT

LEE ODIS ALFORD,

       Plaintiff-Appellant,

v.

TOM C. MARTIN, SUSAN
WINCHESTER, SCOTT BECKTOL,
TODD FIRANSKI, BRAD LAMBERT,
OFFICER M. HOLLOWELL, and MAX
WILEY,

       Defendants-Appellees.

Case No. 95-6326

(D.C. CIV-95-100-M)
(Western District of Oklahoma)

---

## ORDER AND JUDGMENT[*]

---

Before BRORBY, EBEL, and HENRY, Circuit Judges.

---

Plaintiff-appellant Lee Odis Alford, a federal prisoner from North Carolina,

brought this pro se, civil rights action under 42 U.S.C. §1983 against the warden and

several members of the staff of the Great Plains Correctional Facility, located in Hinton,

---

[*]      This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Oklahoma, where Mr. Alford is an inmate.[1]  Upon the recommendation of a magistrate

judge, the United States District Court for the Western District of Oklahoma granted the

defendants' motion for summary judgment.  We grant Mr. Alford's motion to proceed in

forma pauperis, exercise jurisdiction under 28 U.S.C. §1291 and affirm for substantially

the same reasons given in the magistrate judge's Findings and Recommendation filed

June 19, 1995.[2]

Mr. Alford's complaint focuses on three occurrences:  (1) his treatment by prison

staff during a visit to a doctor in Oklahoma City, (2) damage to a radio and the seizure of

certain property during a search of his cell, and (3) the failure of the prison staff to

provide him with a new pill envelope each time he was dispensed prescription

medication.[3]  The actions of the prison staff during and following Mr. Alford's visit to the

doctor do not involve the unnecessary and wanton infliction of pain prohibited by the

Eighth Amendment, see Whitley v. Albers, 475 U.S. 312, 320-22 (1986); Bell v. Wolfish,

441 U.S. 520, 547 (1979), and do not run afoul of the Due Process Clause, see Wolff v.

McDonnell,  418 U.S. 539, 563 (1974).  With respect to the broken radio and confiscated

---

[1]     During the relevant time period, Great Plains contracted with North Carolina to provide correctional services.

[2]     After examining the briefs and appellate record, this panel has determined that oral argument would not materially assist the determination of this appeal.  See Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9.  The case is therefore ordered submitted without oral argument.

[3]     The underlying facts in this case are fully detailed in the magistrate judge's Findings and Recommendation filed June 19, 1995.  See Rec. doc. 20 at 4-12.

property, Mr. Alford fails to provide sufficient specificity in his pleadings to support a constitutional tort.  See Abbott v. McCotter, 13 F.3d 1439, 1441 (10th Cir. 1994).  As to the third incident, we note that complaints about the methods used to dispense medication are properly raised through administrative channels.  It is not this court's responsibility to oversee the "minutiae of prison operations."  See Bell, 441 U.S. at 562.  Furthermore, it is inconceivable that the failure to provide a new pill envelope could constitute an Eighth Amendment violation.  Accordingly, we AFFIRM.

The mandate shall issue forthwith.

Entered for the Court,


Robert H. Henry
Circuit Judge

3